## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

TYLER PERKINS

     Plaintiff,

-vs-

                                 Case No.

EXPERIAN INFORMATION
SOLUTION, INC; TRANS UNION LLC;
and ALLY FINANCIAL INC.

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Tyler Perkins (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, Experian Information Solutions, Inc. (hereinafter "Experian"); Trans Union LLC (hereinafter "Trans Union"); and Ally Financial Inc. (hereinafter "Ally") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter the CRAs").

3.      Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.      Venue is proper in this District as Plaintiff is a natural person and resident of Hillsborough County in the State of Florida; the Defendants transact business within this District; and violations described in the Complaint occurred in this District.

8.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9.      Experian is a corporation with its principal place of business in the State of California and is authorized to conduct business in the State of Florida through their registered agent C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

10.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

12.     Trans Union is a corporation headquartered in the State of Illinois and is authorized to conduct business in the State of Florida through their registered agent Corporation Service Company, located at 1201Hays Street, Tallahassee, Florida 32301.

13.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling,

evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

14.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

15.    Ally is a corporation headquartered in the State of Michigan and is authorized to conduct business in the State of Florida through their registered agent C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

16.    Ally is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

17.    Ally furnished information about Plaintiff to the CRAs that was inaccurate.

## **FACTUAL ALLEGATIONS**

18.    Plaintiff is alleged to owe a debt for an auto loan as to Ally partial account number 228474xxxx (hereinafter "Ally Account"). Plaintiff never applied nor gave permission for anyone to open the Ally Account.

19.    In or around August 2025 Plaintiff received a notice as to a new hard inquiry on his credit file. As a result, Plaintiff immediately put a consumer statement on his credit file and placed a security freeze on his credit.

20.    Approximately a month later, Plaintiff received a notice informing him of his credit score being decreased and learned that the Ally Account was being reported on his credit reports with the CRAs.

21.    On or about September 30, 2025, Plaintiff began to dispute directly with Ally concerning the fraudulent account.

22.    Shortly thereafter, Plaintiff began to communicate with the CRAs as to the fraudulent nature of the Ally Account.

23.    On October 21, 2025, Ally informed Plaintiff that they received his dispute and would investigate his claim.

24.    On November 3, 2025, Plaintiff obtained copies of his credit reports from the CRAs. Upon review, Plaintiff was made aware that the fraudulent Ally Account was reporting with a balance of $29,469 and a pay status of 30 days past due date.

25.    As a result of the fraudulent Ally Account, on November 7, 2025, Plaintiff mailed detailed dispute letters to the CRAs that the Ally Account was fraudulent and that they were reporting an address in Alabama that did not belong to him. He included images of his driver's license and birth certificate to confirm his identity, and the IC3 Complaint.

26.    Plaintiff submitted detailed dispute letters to the CRAs via USPS Certified Mail to Equifax (9589 0710 5270 3233 4057 62) Experian (9589 0710 5270 3233 4057 48), and Trans Union (9589 0710 5270 3233 4057 55).

27.    On November 19, 2025, Plaintiff received results from Experian in which they stated, "the information is accurate" and the disputed account will remain on his Experian credit file.

28.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

29.    Experian never attempted to contact Plaintiff during the alleged investigation.

30.    Upon information and belief, Experian notified Ally of Plaintiff's dispute. However, Ally failed to conduct a reasonable investigation and merely compared their own erroneous data to that provided by Experian in connection with the dispute investigation.

31.    On or about November 25, 2025, Equifax responded to Plaintiff's dispute and informed him that the "disputed item is not currently reporting on the Equifax credit file". Plaintiff was bewildered that one CRA would conduct an investigation while Experian willingly chose to continue the reporting of the fraudulent Ally Account.

32.    Upon information and belief, Equifax provided Experian with an AUD notice concerning the deletion of the Ally Account.

33.    Despite deliver confirmation, on November 12, 2025, Trans Union failed to respond to Plaintiff's dispute.

34.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

35.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

36.     Upon information and belief, Trans Union notified Ally of Plaintiff's dispute. However, Ally failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

37.     On December 15, 2025, Plaintiff filed an Identity theft Report with the Federal Trade Commission, Report Number 194979161 (hereinafter "FTC Report"). In the aforementioned Report, Plaintiff explained that the Ally Account was fraudulent and did not belong to him.

38.     On December 15, 2025, Plaintiff obtained copies of his Equifax, Trans Union, and Experian credit reports. Upon review, Equifax continued to suppress the fraudulent Ally Account from being reported. However, recklessly, Trans Union and Experian continued to report the Ally Account, which was reflecting a balance of $29, 857. Trans Union was also reporting the aforementioned account with a derogatory pay status of "Account 30 days past due date". Such reporting continued to negatively impact Plaintiff's credit worthiness.

39.     As a result of the continued inaccurate reporting of the fraudulent Ally Account, on December 15, 2025, Plaintiff mailed detailed dispute letters to

Experian and Trans Union. In the detailed dispute letter, Plaintiff again reiterated that he has never lived in Alabama and that address was inaccurate. More importantly, Plaintiff expressed that the Ally Account continued to be reported and it needed to be removed as it was opened as a result of fraud.  Plaintiff included images of his driver's license and birth certificate to confirm his identity. Plaintiff also provided, images of the inaccurate reporting, and a copy of his FTC Report along with other pertinent documentation.

40.    Plaintiff mailed the disputes via USPS Certified Mail to Experian tracking (9407 1111 0549 5874 3967 83) and TransUnion (9407 1111 0549 5874 3974 14).

41.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise remove the inaccurate address and fraudulent Ally Account.

42.    As of the filing of this Complaint, Plaintiff has not received dispute results from Experian or Trans Union as to his latest detailed dispute letter.

43.    Despite Plaintiff's best efforts to have the erroneous reporting corrected, the Experian and Trans Union continue to inaccurately report the erroneous Ally Account in Plaintiff's credit file and simply parrot off the back of Ally.

44.    Ally has not conducted a reasonable investigation despite Plaintiff's pleas.

45.    Plaintiff continues to suffer as of the filing of this Complaint, and accordingly, his damages are ongoing.

46.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time

    ii.    Loss of time and time take off from work in attempts to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

    iv.    Reduction in credit score as the Defendant(s) failed to properly investigate the disputed information;

    v.    Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered debt-to-income ratio and the derogatory pay status;

    vi.    Defamation and Plaintiff's information has been published to third parties including but not limited to FICO to calculate Plaintiff's credit score;

vii.    Defendant's have also published erroneous information to the FTC by failing to resolve their mistakes on Plaintiff's credit reports.

## COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions Inc (Negligent)

47.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

48.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

49.    Experian allowed for a Furnisher to report fraudulent Ally Account on Plaintiff's credit file.

50.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

51.    Experian selects to just parrot the information provided by the Furnisher, Ally and avoided conducting re-investigations.

52.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

53.     Experian violated its own policies and procedures by not deleting the erroneous account information when Plaintiff provided them with the filed FTC Theft Affidavit.

54.     As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

55.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

56.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Tyler Perkins, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions Inc; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, EXPERIAN INFORMATION SOLUTIONS INC (Willful)

57.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

58.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

59.     Experian allowed for a Furnisher, such as Ally to report a fraudulent auto loan on Plaintiff's credit file.

60.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

61.     Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

62.     Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

63.     Experian violated its own policies and procedures by not deleting the erroneous account information when Plaintiff provided them with the filed FTC Theft Affidavit.

64.     As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress;

and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

65.    The conduct, action and/or inaction of Experian was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

66.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Tyler Perkins, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions Inc; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, EXPERIAN INFORMATION SOLUTIONS INC (Negligent)

67.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

68.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable

reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

69.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

70.    Plaintiff provided Experian with the information it needed to confirm the Ally Account was fraudulent. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

71.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

72.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

73.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Tyler Perkins, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions Inc; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions Inc (Willful)

74.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

75.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by

Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

76.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

77.     Plaintiff provided Experian with the information it needed to confirm the Ally Account was fraudulent. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

78.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

79.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

80.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Tyler Perkins, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions Inc; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

81.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

82.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

83.    Trans Union allowed for a Furnisher to report a fraudulent auto loan on Plaintiff's credit file.

84.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

85.    Trans Union selects to just parrot the information provided by the Furnisher, such as Ally and avoids conducting re-investigations.

86.    Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

87.    Trans Union violated its own policies and procedures by not deleting the erroneous account information when Plaintiff provided them with the FTC Theft Affidavit.

88.    As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

89.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

90.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Tyler Perkins, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

91.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

92.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

93.     Trans Union allowed for a Furnisher, such as Ally, to report a fraudulent auto loan on Plaintiff's credit file.

94.     Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

95.     Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

96.     Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

97.     Trans Union violated its own policies and procedures by not deleting the erroneous account information when Plaintiff provided them with the filed FTC Theft Affidavit.

98.    As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

99.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

100.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Tyler Perkins, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

101.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

102.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

103.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, such as Ally.

104.   Plaintiff provided Trans Union with the information it needed to confirm the Ally Account was fraudulent. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

105.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress,

anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

106.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

107.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Tyler Perkins, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

108.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

109.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit

22

file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

110.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, such as Ally.

111.   Plaintiff provided Trans Union with the information it needed to confirm the Ally Account was fraudulent. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

112.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

113.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

114.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Tyler Perkins, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681g as to Defendant, Trans Union LLC (Negligent)

115.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

116.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

117.    Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

118.    Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

119.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

120.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

121.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Tyler Perkins, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Willful)

122.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

123.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

124.    Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

125.    Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

126.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

127.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

128.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Tyler Perkins, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, Ally Financial Inc. (Negligent)

129.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

130.    Ally furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

131.    After receiving Plaintiff's disputes, Ally violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

132.    Plaintiff provided all the relevant information and documents necessary for Ally to have identified that the auto loan was fraudulent.

133.    Ally knowingly chose to follow procedures which did not review, confirm, or verify the account being opened as a result of fraud.

134.   Ally violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

135.   As a direct result of this conduct, action, and/or inaction of Ally, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

136.   The conduct, action, and inaction of Ally was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

137.   Plaintiff is entitled to recover costs and attorney's fees from Ally in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, Tyler Perkins, respectfully requests that this Court award actual damages against Defendant, Ally Financial Inc.; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT XII**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Ally Financial Inc. (Willful)**

138.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

139.   Ally furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

140.   After receiving Plaintiff's disputes, Comenity violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

141.   Plaintiff provided all the relevant information and documents necessary for Comenity to have identified that the account balance was erroneous.

142.   Ally knowingly chose to follow procedures which did not review, confirm, or verify the account was opened fraudulently.

143.   Ally violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

144.   As a direct result of this conduct, action, and/or inaction of Ally, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish,

humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

145.    The conduct, action, and inaction of Ally was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 Comenity § 1681n.

146.    Plaintiff is entitled to recover costs and attorney's fees from Ally in an amount to be determined by the Court pursuant to 15 Comenity § 1681n.

WHEREFORE, Plaintiff, Tyler Perkins, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Ally Financial Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Tyler Perkins, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, Experian Information Solutions Inc; Trans Union LLC; and Ally Financial Inc., jointly and severally; attorneys' fees and costs; prejudgment and

post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 23rd day of December 2025.

Respectfully submitted,

**_/s/ Octavio Gomez_**
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

**_/s/ Frank H. Kerney, III, Esq._**
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
Attorneys for Plaintiff